IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jason Charles,　　　　　　　　　　　　　　　Case No. 3:07 CV 10

　　　　　　　　　　Plaintiff,　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　AND ORDER
　　　　-vs-
　　　　　　　　　　　　　　　　　　　　　　　JUDGE JACK ZOUHARY
William Consolo,

　　　　　　　　　　Defendant.

On January 3, 2007, *pro se* Plaintiff Jason Charles filed this action under 42 U.S.C. §1983 against Police Detective William Consolo. In the Complaint, Charles seeks monetary damages alleging that he was wrongfully arrested and detained by Detective Consolo.

### BACKGROUND

Charles alleges he was working as an employee and part owner of You Walk Bail Bonds. He states he was wrongfully arrested on June 9, 2004 while serving a "high risk warrant during a recovery on a[n] allege[d] bail skipper" (Compl. at IV). He does not indicate the reason for his arrest or what charges were filed. Charles states that the charges against him were dismissed and that he was acquitted of the charges at trial (Compl. at IV). He asserts that Detective Consolo "never had the right to detain, arrest or book Mr. Charles, giving that Mr. Charles did not commit a crime. In fact the wrongful arrest abused Mr. Charles's 14th and 5th amendment rights to be free from unlawful search, seizure and unlawful restraint" (Compl. at IV).

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the District Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, it is apparent on the face of the Complaint that the statute of limitations for bringing a §1983 claim expired before Charles filed this action. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Ohio's two year statute of limitations for bodily injury applies to §1983 claims. The United States Supreme Court recently clarified that the limitations period for a §1983 unlawful arrest claim against city police officers begins to run at the time a defendant first appeared before a judge or magistrate and was bound over for trial or released. *Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007). As of that point, the arrestee's detention without legal process concludes and detention pursuant to legal process begins. *Id.* It does not matter that the arrestee may also suffer consequential damages from his continued detention after the initial appearance.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking Section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Charles indicates he was arrested on June 9, 2004 and the charges against him were dismissed. He filed this action in January 2007, more than two years later. Further, the Lucas County Common Pleas and Toledo Municipal Court dockets do not reflect any court appearance connected with this arrest. While Charles does not indicate the date of his first, if any, court appearance related to this arrest, any such appearance would have occurred if not within days of his arrest certainly well before January 2005. *See* OHIO REV. CODE § 2945.71 and OHIO R. CRIM. P. 5 for a list of time limitations for hearings and trials based on the nature and severity of the charge. Indeed, this case is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* section 1983 action filed after two year statute of limitations for bringing such an action had expired); *see also Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998), *cert. denied*, 525 U.S. 857, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) *sua sponte* dismissal is appropriate where claim is barred by statute of limitations).

## CONCLUSION

Accordingly, this action is dismissed pursuant to §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

                s/ *Jack Zouhary*
                JACK ZOUHARY
                U. S. DISTRICT JUDGE

                April 11, 2007